MCGREGOR W. SCOTT
United States Attorney
QUINN HOCHHALTER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>HENRY KHENG HO,<br><br>                    Defendant. | CASE NO. 2:10-CR-517<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Before the Court is Defendant Henry Kheng Ho's "Motion for Early Termination of Supervised Release," filed January 24, 2018.  See Docket No. 147.  For the reasons set forth below, the Government opposes the motion.

I.     BACKGROUND

On November 6, 2013, the Defendant pled guilty to Conspiracy to Manufacture at Least 100 Marijuana Plants, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  See Docket No. 89.  This Court ordered the Defendant committed to the custody of the United States Bureau of Prisons to be imprisoned for six months, followed by home confinement for six months, and a term of supervised release of sixty months.  See Docket Nos. 113 and 115.  On October 31, 2014, the Defendant began his term of supervised release.  The Defendant has served approximately thirty-eight months of his sixty month term of supervised release and is scheduled to complete supervision on October 30, 2018.  On January

24, 2018, the Defendant moved the Court for early termination of his supervised release.  See Docket No. 147.

## II.   STANDARD OF REVIEW

The Defendant moves the Court to terminate his supervised release under 18 U.S.C. § 3583(e), which provides in relevant part:

> **(e) Modification of conditions on revocation.** – The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1).

"[T]he language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release."  U.S. v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (internal citations omitted).

## III.   ANALYSIS

In support of his motion, the Defendant offers that he has been in compliance with the terms of his supervised release since it began and that he has no outstanding financial obligations related to the case.  See Docket No. 147, pp. 2, 8.  The Defendant states he is currently employed and has no educational, vocational, medical, or housing needs with which the United States Probation Office (USPO) could assist him.  Id.  The Defendant also states he has not needed substance abuse treatment, has not failed a drug test, and that, since his conviction, California legalized recreational use of marijuana.  Id. at 10.

The nature and circumstances of the offense justify continued supervision.  18 U.S.C. § 3553(a)(1).  As the Court is aware, the Defendant maintained a residence for the purpose of cultivating marijuana.  Law enforcement seized 437 marijuana plants growing in that house and an additional 30

pounds of processed marijuana in the Defendant's home. See Docket No. 99. The United States Probation Office calculated that the total amount of marijuana involved in the Defendant's conspiracy included approximately 57.9 kilograms. See Docket No. 92. The Defendant played a significant role in a conspiracy to manufacture a controlled substance. Sixty months of supervision addresses the nature and circumstances of the offense and promotes respect for federal law.

The history and characteristics of the Defendant justify continued supervision. 18 U.S.C. § 3553(a)(1). The Defendant argues he has no characteristics that would make continued supervision necessary, which is inconsistent with the record in this case. See Docket No. 147, p. 9. At the time of sentencing, the Defendant presented evidence of chronic health concerns, physical ailments, and substantial family responsibilities. See Docket No. 92. In fact, those concerns largely contributed to the outcome in this case, which was tailored for the Defendant to spend less time incarcerated and more time on supervised release. The Defendant does not allege that his health conditions have improved or that his family responsibilities have diminished. Accordingly, these facts continue to support a conclusion that supervision, which can provide important resources and assistance for someone with the Defendant's history and characteristics, is appropriate.

The remaining relevant § 3553(a) factors justify continued supervision. The imposed sentence in this case affords adequate deterrence to criminal conduct, protects the public from further crimes, and provides assistance to the Defendant, while avoiding unwarranted sentence disparities among similar defendants. 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(6). Those factors still weigh in favor of the Defendant's continued supervision. Terminating the Defendant's supervision at this time, particularly in a case where the Defendant already received a relatively short term of imprisonment, does not deter criminal conduct as effectively as the currently imposed sentence. Early termination may also contribute to unwarranted sentence disparities among similar defendants.

Title 18, United States Code, Section 3583(e) provides that, after considering the subset of sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the *conduct of the defendant* released and *the interest of justice*." 18 U.S.C. § 3583(e)(1) (emphasis added). In this case, early termination is not warranted by the Defendant's conduct. Although the Defendant's successes are praiseworthy, his compliance with the

terms of supervised release is expected.  Following the rules, resuming employment, and engaging in family life are anticipated milestones for individuals on supervision.  It is the Defendant's responsibility to abide by the conditions set by the Court and doing so does not constitute exceptional behavior such that continued supervision no longer appropriate.

The Defendant has not shown early termination is in the interest of justice.  A just outcome in this case accounts for the relevant § 3553(a) factors, the seriousness of the offense committed, and the goals of sentencing, which include promoting fairness and respect for the law and deterring other criminal conduct.  In light of those considerations, this Court determined a just outcome included a sixty month term of supervised release.  The Defendant has not demonstrated any changed circumstances which render the original term of supervision unjust.  Accordingly, terminating the Defendant's supervision after approximately thirty-eight months is not in the interest of justice.

After considering the relevant § 3553(a) factors, and in the absence of exceptional behavior or changed circumstances, the Defendant's motion for early termination should be denied.  While the Defendant has complied with the terms of his supervised release in commendable fashion, his conduct and the interests of justice do not warrant early termination under 18 U.S.C. § 3583(e).  Accordingly, the United States respectfully recommends the Defendant's motion for early termination of supervised release be denied at this time.

IV.   CONCLUSION

After considering the subset of sentencing factors set forth in 18 U.S.C. § 3553(a), the Defendant's conduct, and the interests of justice, the government opposes the Defendant's motion for early termination of supervised release.

Dated: March 1, 2018                         McGREGOR W. SCOTT
                                             United States Attorney

                                       By:  /s/ QUINN HOCHHALTER
                                             QUINN HOCHHALTER
                                             Assistant United States Attorney