UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-00517-KJM |
| Plaintiff, | |
| v. | ORDER |
| HENRY KHENG HO, | |
| Defendant. | |

On March 12, 2014, after he pled guilty to conspiracy to manufacture at least 100 marijuana plants, the court sentenced defendant Henry Kheng Ho to six months in prison to be followed by 60 months on supervised release. ECF No. 89 (Plea Agreement); ECF No. 113 (Sentencing Mins.). Ho's supervised release term included six months of home detention. ECF No. 113. The court also required him to pay a $1,000 fine and the mandatory $100 special assessment. *Id.* Ho began his term of supervised release on October 31, 2014 and now moves for early termination under 18 U.S.C. § 3583(e)(1). Mot., ECF No. 147. The government opposes. Opp'n, ECF No. 150. For the following reasons, the court DENIES Ho's motion.

I. LEGAL STANDARD

After a defendant has served at least one year on supervised release, a court may terminate the defendant's term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1);

1

*United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014).  In making this determination, courts consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The defendant bears the burden of establishing early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).  A defendant often carries his burden by alerting the district court to "new or unforeseen circumstances" that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).  But because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

II. DISCUSSION

On balance, the court finds the § 3553(a) factors counsel against early termination in Ho's case.  *See* 18 U.S.C. § 3553(a).  Ho explains he is "stable in life, being gainfully employed as a manager at Asian garden [*sic*] and owning [his] own company, Pacific Auto Service, for the last 8 years."  Mot. at 8.  His income is "steady and reliable" and he has satisfied all financial obligations connected with his sentence.  *Id.* at 8-9.  Further, Ho has "never tested positive for any drug screenings" and contends he poses no threat to the community.  *Id.* at 9-10. Although Ho's compliance with his supervised release terms is commendable, he has not established that the interests of justice or his conduct warrant early termination of his sentence. *See* 18 U.S.C. § 3583(e)(1); *see also United States v. Hawatmeh*, No. LA CR 08-00385-VBF-3,

2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) (noting a defendant's compliance with supervised release terms, standing alone, may not warrant early termination); *United States v. Bauer*, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("[C]ompliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate.") (citations omitted).

To the contrary, the record indicates Ho may benefit from continued supervision. Ho represents that he has "no educational or vocational needs . . . [or] medical or housing concerns that would make further supervision necessary." *See* Mot. at 9 (citing 18 U.S.C. § 3553(a)(2)(D)). But this position is inconsistent with Ho's representations to the court before sentencing. The court's sentence of Ho took account of his serious health issues, which he represented at the time have "no cure"; his inability to obtain proper treatment; and his significant family obligations. *See* ECF No. 95 (Ho's sentencing memorandum). Without any substantive discussion of Ho's current health issues or family obligations, or explanation of how his request now squares with his sentencing arguments, the court finds unpersuasive Ho's argument he will not benefit from continued supervision.

Further, Ho's sentence carefully balanced his needs and characteristics against the nature and circumstances of his offense while advancing the goals of deterrence and public protection. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C). Early termination would disturb that balance and risk unwarranted sentencing disparities. *See id.* § 3553(a)(6). Ho argues he poses no risk to the public because "recreational Marijuana [*sic*] use and cultivation is now legal in California . . . [and] the conduct [at issue] today would be null" under California law. Mot. at 10. His argument is unavailing. Ho concedes the conduct for which he was convicted remains "in conflict with federal law," and he offers no authority indicating California law now sanctions such conduct or otherwise nullifies his participation in a federal offense. *See id.; see also United States v. McIntosh*, 833 F.3d 1163, 1179 n.5 (9th Cir. 2016) ("Anyone in any state who possesses, distributes, or manufactures marijuana for medical or recreational purposes (or attempts or conspires to do so) is committing a federal crime.").

3

In sum, the court is unpersuaded that Ho's carefully tailored sentence is no longer justified. The motion is DENIED.

IT IS SO ORDERED.

DATED: June 27, 2018.

_____
UNITED STATES DISTRICT JUDGE